United States District Court
Southern District of Texas
**ENTERED**
February 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Michael James Strange, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | Civil Actions H-18-02178 | |
| § | | |
| § | | |
| Lorie Davis, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|    Respondent. § | | |

## Memorandum and Recommendation

Michael James Strange's petition for writ of habeas corpus has been referred to this magistrate judge for report and recommendation. The court recommends that the petition be dismissed as successive.

Strange's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides that "[a] claim presented in a second or successive application that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). AEDPA further provides that a claim presented in a second petition that was not raised in a prior petition shall be dismissed unless the claim relies on a new rule of constitutional law made retroactive, the factual predicate for the claim could not have been discovered previously, or the facts underlying the claim are sufficient to prove that but for the constitutional error no reasonable factfinder would have found petitioner guilty. 28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent

authorization from the circuit court of appeals, district courts lack jurisdiction to entertain successive petitions. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Strange was convicted on July 20, 2005, in the 230th District Court of Harris County, Texas, and was sentenced to ninety-nine years in prison. The Fourteenth Court of Appeals affirmed his conviction on April 12, 2007. He filed his first federal habeas petition challenging his conviction on September 21, 2009, in cause number 4:09-cv-3079. That petition was denied with prejudice on August 27, 2010. Strange filed the instant petition challenging the same conviction on June 27, 2018.

Because the instant petition is successive, Strange was required to seek authorization in the Fifth Circuit. He failed to do so. This court lacks jurisdiction. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000) (cited in *Seymore v. Davis*, Civ. No. H-18-1030, 2018 WL 1697126, at *1 (S.D. Tex. Apr. 5, 2018)).

A district court may transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2) if doing so would serve the interest of justice. *See* 28 U.S.C. § 1631; *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The court finds that the interest of justice would not be served by transferring this case to the circuit court because Strange's petition is barred by the one-year statute of limitation set under AEDPA. *See* 28 U.S.C. § 2244(d). Strange's prior federal habeas petition was dismissed as time-barred in 2010. *See* Memorandum and Recommendation at 2–4, *Strange v. Thaler*, Civ. No. 4:09-cv-3079 (S.D. Tex. July 20, 2010), D.E. 10, *adopted* Aug. 27, 2010, D.E. 12. Strange has not raised any claims in the instant federal petition that could not have been raised in his earlier federal petition.

Because the court finds that it lacks subject-matter jurisdiction over Strange's petition and that it would not serve the interest of justice to transfer the petition to the circuit court, this court recommends dismissing Strange's petition with prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *see also Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 22, 2019.

_____
Peter Bray
United States Magistrate Judge