United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Michael James Strange,<br>   Petitioner,<br><br>v.<br><br><br>Lorie Davis,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>   Respondent. | §§§§§§§§§§§ | Civil Actions H-18-02178 |

## Memorandum and Recommendation

Pending before the court is Michael James Strange's motion for relief from the judgment of the district court under Federal Rule of Civil Procedure 60(b)(6). The court recommends that the motion be denied.

Strange filed a federal petition for writ of habeas corpus on June 27, 2018. This court entered a memorandum and recommendation on February 22, 2019, recommending that the petition be dismissed as successive. The parties had fourteen days to file written objections. The district court adopted this court's memorandum and recommendation and denied the petition on March 15, 2019. Unbeknownst to the court, Strange filed objections to the report and recommendation. They were mailed on March 10, 2019, but not received by the court until March 19, 2019. Strange has now filed a motion for relief from the court's judgment under Federal Rule of Civil Procedure 60(b)(6), arguing that his objections were timely filed and that the court should vacate its judgment to consider the objections.

"Motions under Rule 60(b) are directed to the sound discretion of the district court." *Northshore Dev., Inc. v. Lee*, 835

F.2d 580, 582 (5th Cir. 1988). "[A] district court should grant a motion under section 6 of Rule 60(b) only to accomplish justice or in extraordinary circumstances." *Id*.

In his objections, Strange argues that there were two separate state court proceedings leading to his conviction and sentence. According to Strange, the first proceeding involved plea negotiations. Those plea negotiations did not culminate in a guilty plea, however. Strange states that a new prosecutor appeared in court on the day he was set to enter his guilty plea. The new prosecutor withdrew the offer. This led to what Strange casts as the second proceeding—the jury trial, conviction, and sentencing. Strange objects that his first habeas petition was directed at the second proceeding and the instant petition attacks the first proceeding. Thus, according to Strange, his petition is not successive.

Strange's objections are meritless. He was convicted only once, and sentenced only once. His petition is successive. Because the district court would have overruled Strange's objections if received before entry of final judgment, relief under Rule 60(b) to consider the objections is not warranted.

This court recommends that Strange's Rule 60(b) motion be denied. The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 24, 2019.

_____
Peter Bray
United States Magistrate Judge